
FILED
FEB 23 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

DONNA DENISE THORSON,

    Plaintiff,

v.    Case No. 4:09cv61

COMMISSIONER SOCIAL SECURITY,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Donna Denise Thorson ("Thorson"), brought this action, *pro se*, under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act").

This action was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), by order of reference filed January 29, 2010.

The Commissioner moved to dismiss this action because the statute of limitations has allegedly expired. For the reasons expressed herein, the Court RECOMMENDS that the case be DISMISSED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 22, 2006, Thorson applied for disability insurance benefits under Title II of the Social Security Act and supplemental security income payments under Title XVI of the Act. (Jones Decl. Ex. 1; Am. Compl.) Thorson's applications were denied by the Social Security Administration initially on November 13, 2006, and upon reconsideration on August 9, 2007. (Jones Decl. Ex. 1.)

Upon Thorson's request, an administrative law judge ("ALJ") of the Social Security Administration held a hearing on January 23, 2008, in Newport News, Virginia. (Jones Decl. Ex. 1; Am. Compl.) On February 27, 2008, the ALJ issued a decision finding Thorson ineligible for disability benefits because she was not under a disability as defined by the Social Security Act. (Jones Decl. Ex. 1.) Thorson appealed the ALJ's decision to the Appeals Council, which denied her request on March 19, 2009. (Jones Decl. Ex. 2.) Therefore, the ALJ's decision is the Commissioner's "final decision" subject to judicial review here, pursuant to 42 U.S.C. § 405(g). See 20 C.F.R. §§ 404.981; 416.1481.

In the letter informing Thorson of the Appeals Council's denial, the Appeals Council advised Thorson that she had sixty (60) days to file a civil action if she wanted a court to review the ALJ's decision. (Jones Decl. Ex. 2.) The letter also explained that Thorson could make a written request to the Appeals Council for an extension of time in which to file the civil action. Id.

Thorson did not seek an extension of time to file her civil action. (Jones Decl. ¶ 3(b)). On June 1, 2009, Thorson, proceeding *pro se*,[1] filed an action in this Court seeking judicial review of the Commissioner's decision denying her claim for disability insurance benefits and supplemental security income.[2] On November 18, 2009, the Commissioner ("Defendant") moved to dismiss the complaint as barred by the statute of limitations. In response, Thorson filed a letter with a note from her family nurse practitioner on December 18, 2009.[3]

---

[1] "[A] *pro se* litigant is entitled to a liberal reading of her pleadings." Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, the Court notes that "trial courts are encouraged to liberally treat procedural errors made by *pro se* litigants, especially when a technical or arcane procedural rule is involved." Bauer v. Comm'r of Internal Revenue Serv., 97 F.3d 45, 49 (4th Cir. 1996). It is with this principle in mind that the Court construes the various pleadings submitted by this *pro se* plaintiff.

[2] Thorson initially filed with this Court a Motion for Leave to Proceed In Forma Pauperis, executed on May 18, 2009, and a letter dated May 1, 2009, addressed to "Sirs" asking for reconsideration of her social security applications. (Doc. No. 1.) On June 15, 2009, the Court granted Thorson's motion to proceed in forma pauperis but ordered her to particularize her Complaint and name at least one defendant. (Doc. No. 2.) On July 15, 2009, Thorson filed a response, naming the Commissioner of Social Security as the Defendant. (Doc. No. 3.) On July 29, 2009, the Court entered an order noting that Thorson's submission was "insufficient to particularize her Complaint" and ordering her to submit a Complaint within thirty (30) days. (Doc. No. 4.) On September 2, 2009, Thorson submitted a document providing details about her case at the administrative level and her claims against the Commissioner (Doc. No. 5), which the Court construed as an Amended Complaint (Doc. No. 6).

[3] The Court notes that pursuant to Local Civil Rule 7(K), Thorson had twenty (20) days, computed pursuant to Federal Rule of

Neither party has indicated special circumstances requiring oral argument in this matter; therefore, the case is deemed submitted for decision based on the memoranda.

## II. ANALYSIS

The Commissioner argues that Thorson's complaint is barred because she did not file her complaint within the time allotted by the statute of limitations. Under the Social Security Act, a claimant may seek judicial review of a final decision of the Commissioner "by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); see also 20 C.F.R. §§ 404.981; 416.1481; 422.210(c). A claimant is presumed to have received notice of the Appeals Council's decision "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

The Appeals Council denied Thorson's request for review on March 19, 2009, and Thorson presumably received notice of that

---

Civil Procedure 6(a), plus three (3) days permitted by Rule 6(d) of said rules, within which to respond to Defendant's Motion to Dismiss. Therefore, Thorson's response was due on December 11, 2009. Defendant's Motion to Dismiss was accompanied by a Roseboro Notice, advising Thorson of the twenty-day response period. (Doc. No. 12.) Thorson's response was filed seven (7) days late, on December 18, 2009. Because Thorson is proceeding pro se in this action, the Court excuses the untimeliness of her response, exercising its discretion pursuant to Federal Rule of Civil Procedure 6(b).

4

decision on March 24, 2009. Therefore, in order to timely seek judicial review, Thorson had to file this action by May 23, 2009. Thorson did not file her civil action until June 1, 2009, and she did not request an extension of time in which to file suit.

The sixty-day time for appeal is a statute of limitations and accordingly is "a condition on the waiver of sovereign immunity . . . [which] must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479 (1986). However, because § 405(g) is "unusually protective of claimants," a court may equitably toll the statute of limitations period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Id. at 480 (internal quotations omitted). The Fourth Circuit has cautioned that tolling the limitations period "will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986).

In this case, Thorson has not presented the Court with any explanation for her delay in filing the civil action in this Court. Her only response is that "I have done everything you have asked of me, please don[']t drop my case, [I] can not afford a lawyer." (Pl.'s Resp. Def.'s M. Dismiss 1.) Therefore, despite Thorson's pro se status, the equities that favor tolling the limitations period are not "so great that deference to the agency's judgment is inappropriate." Id.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's Complaint be DISMISSED as untimely under 42 U.S.C. § 402(g).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th

Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia

February 23, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Donna Denise Thorson
362 Malden Lane
Newport News, Virginia 23602
*Pro Se*

Mark Anthony Exley
Office of the United States Attorney
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for Defendant

                                    Fernando Galindo,
                                    Clerk of Court

By: _____
      Deputy Clerk

February 23, 2010